

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Richard S. Morris
County Attorney
Armstrong County
Claude, Texas

Dear Sir:

Opinion No. O-2827
Re: Is the expenditure of county
funds for traveling expenses
of county commissioners by
virtue of the mentioned statute
of such an illegal nature as to
require repayment thereof at this
time? And another question.

Your letter of October 14, 1940, requesting an opinion of this Department upon the questions as are herein stated has been received.

Your letter reads in part as follows:

"By virtue of Senate Bill 367 of the 46th Legislature, providing for traveling expenses for County Commissioners of certain counties, ruled unconstitutional by your department in opinion No. O-2127, each of the commissioners of this county drew traveling expenses for approximately ten months. After receiving the above numbered opinion which was approved by the Attorney General April 15, 1940, such payments of traveling expense was discontinued.

"The majority of authorities apparently hold that a statute is presumed to be constitutional until adjudged

Honorable Richard S. Morris, Page 2

unconstitutional by a court of competent juris-
diction. 9 Tex. Jur. 467, Sec. 50; 16 C. J. S.
277, Sec. 100; Texas National Guard Armory Board v.
McCraw, Atty. General. 126 S. W. 2nd 627; Quinn v.
Johnson, County Judge et al, 91 S. W. 2nd 499.

"The majority of authorities also hold that a
statute declared unconstitutional is null and void and
of no effect as of the date of its enactment. 16 CJS 287,
Sec. 101; And generally all acts under an unconstitu-
tional statute are null and void. 16 CJS 290.

"The question I have in mind and upon which I
have been unable to find authorities in point and there-
fore wish to submit to your department for an opinion
is as follows: Is the expenditure of county funds for
traveling expenses of county commissioners by virtue of
the above-mentioned statute of such an illegal nature
as to require repayment thereof at this time?

"If, at this time, the commissioners are not liable
for return of the funds drawn under the statute in ques-
tion, would they be liable for return thereof in the
event a court of competent jurisdiction adjudged the
statute in question to be unconstitutional?"

In our Opinion No. O-23 (Conference Opinion 3032)
it was held that House Bill 727 of the Regular Session, Chapter
488 of the General and Special Laws of the 45th Legislature,
an amendatory Act to Article 1055, Code of Criminal Procedure,
was unconstitutional. After the above mentioned statute was
held to be unconstitutional by this Department, in Opinion No.
O-142, it was held that counties could not recover half costs
paid officers under the law declared unconstitutional.

We quote from Opinion No. O-142 as follows:

"It is true the maxim 'ignorance of the law ex-
cuses no one', is generally accepted. The argument has
been made it should apply in the case of an unconstitu-
tional statute for the reason such an Act stands on the
same basis as no law at all, but there are some excep-
tions."

The general rule as stated in Texas Jurisprudence,
Volume 34, page 476, reads as follows:

149

"An officer who, without authority of law, collects taxes or excessive fees may be compelled to reimburse the persons from whom the money was received. But fees paid voluntarily and with full knowledge of the facts, though under a mistake of law, cannot, under settled principles, be recovered." (34 Tex. Jur. 476; 32 Tex. Jur. 739; Hirshfield v. Fort Worth National Bank, 83 Tex. 452; 18 S. W. 743; County of Galveston v. Gorham, 49 Tex. 279, 303; City of Houston v. Feeser, 76 Tex. 365, 13 S. W. 266.)

The Supreme Court of the United States in the case of United States v. Realty Company, 163 U. S. 427, 41 U. S. (L. Ed.) 215, held knowledge of the invalidity of an Act of Congress will not be imputed, in advance of any authoritative declaration to that effect, to those who are acting under its provisions, so as to preclude them from having equities based on their reliance upon the Act.

It has been said that a ministerial officer has not the right to decide upon the constitutionality or unconstitutionality of an Act passed with all the formality of law. It is the duty of such officers to execute and not to pass judgment on the law. Volume 9, Texas Jurisprudence, 468; Seesums v. Botts, 34 Tex. 335 (holding an unconstitutional Act regulating the collection of debts protected clerks of courts acting under it).

In view of the foregoing authorities, you are respectfully advised that it is the opinion of this Department that the county funds expended for traveling expenses of county commissioners by virtue of the above mentioned statutes cannot be recovered by the county.

In reply to your second question, you are further advised that it is our opinion that, in the event a court of competent jurisdiction held the statute in question to be unconstitutional, the commissioners would not be liable for the funds drawn under the statute held to be unconstitutional.

Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AT:BBB

APPROVED OCT 31, 1940

Gerald C. Mann